MARY A. CREMER *vs.* MAHLON D. MILLER *et al.*

Argued Dec. 22, 1893. Reversed Dec. 30, 1893.

No. 8552.

**A recovery must be upon the contract alleged, not upon some other.**

    Where the plaintiff seeks to recover upon a special contract, he cannot depart therefrom in his evidence on the trial, and base his right of recovery upon the evidence of the defendant, showing a different contract, and offered by him to contradict the evidence of the plaintiff, and to disprove the alleged contract sued on.

**No consent to try an issue outside the pleadings.**

    The rule which will support a finding upon an issue tried by consent outside of the allegations of the pleadings does not apply to such a case.

**Broker's commission for selling real estate.**

    Where a contract between a real-estate agent and the owner of land which he undertakes to sell requires that the sale must be consummated, and his compensation is made to depend upon the payment of the purchase price, such conditions must be shown to have been performed, in order to entitle him to recover, unless the same are defeated through the fraud, bad faith, or misconduct of the owner.

Appeal by Mahlon D. Miller, one of the defendants, from an order of the District Court of Ramsey County, *James J. Egan*, J., made June 21, 1893, denying his motion for a new trial.

The plaintiff, Mary A. Cremer, was doing business in St. Paul as a real estate broker under the name of Cremer & Co. Her husband, W. J. Cremer, as agent for her, managed the business. In February, 1886, the defendants, Mahlon D. Miller, Frank P. Blair and Robert L. Wharton, employed plaintiff to sell for them the southeast quarter of the southeast quarter of section twenty one (21), T. 28, R. 22, in South St. Paul, Dakota County. As commission she was to have all it brought above $16,000. She sold it February 23, 1886 to Lizzie Montgomery for $20,000. But the sale was not completed because defendants were unable to give a merchantable title. They had recently bought it for $12,000 and had only a contract for a deed and were unable to obtain title from their vendor. On February 23, 1892, plaintiff brought this action to recover $4,000 and

interest for six years, claiming she had earned this by finding a customer ready, able and willing to buy the land and pay $20,000 for it. The defendants answered that she was to have only what was actually realized over $16,000, that nothing was ever realized and that her husband, who acted as her agent, knew at the time that defendants had only a contract for the purchase of the land and that he was not misled or deceived. The issues were tried November 16, 1892. The jury returned a verdict for plaintiff and assessed her damages at $4,000. The defendant Miller moved for a new trial, but was denied and he appeals.

*O. M. Metcalf* and *Henry C. James,* for appellant.

*Brown & Schrader,* for respondent.

VANDERBURGH, J. The action is brought upon an alleged special contract between the parties, "wherein the defendant hired the services of this plaintiff to negotiate for and procure for the said defendant a purchaser who should be ready, able, and willing to purchase" the forty acre tract of land described in the complaint; and it is alleged that "it was agreed by and between the plaintiff and the defendant that the plaintiff should receive, if she should find a purchaser ready, able, and willing to purchase said tract of land, as compensation for her services, whatever sum the purchase price of said land should exceed $400 per acre;" and it is alleged that plaintiff was authorized to sell the land for $400 per acre, or any sum exceeding said amount, the terms of payment to be arranged between the purchaser and the defendant. It is also alleged that· the plaintiff accordingly found a purchaser, with whom defendant contracted for a sale of the premises on February 23, 1886, at the price of $500 per acre, "said contract to be performed March 9, 1886," and that the purchaser was thereafter ready, able, and willing to perform the contract in all respects as required by its terms, and offered to so perform the same, and that the plaintiff, therefore, became entitled to the sum of $4,000, by virtue of the contract. Under the pleadings, the plaintiff was required to establish the contract and the terms thereof. It is somewhat remarkable that, upon plaintiff's own testimony, it was left in doubt, and an open question for the jury to determine, what the conditions of the

agreement were in respect to her compensation; that is to say, whether it was payable on the production of a customer acceptable to the defendant, or out of the payments made by such customer, in compliance with the contract. The plaintiff's husband was her agent in the transaction. His testimony on his examination in chief, and especially on his cross-examination, tended to prove that she was to have her compensation out of the proceeds of the sale, which involved the proposition that the sale should be consummated, and not rescinded without the payment of the consideration; and the contract itself, which is annexed to the answer, is in harmony with this view of the case.

It provides for a cash payment in fourteen days of $12,000, and the balance to be on time, and also provides, in certain contingencies, for the rescission of the contract without performance, and the return of the earnest money. But, upon his re-examination, the witness' testimony tends to support the terms of the contract as alleged in the complaint, and that it was understood that she was to be paid her commissions when the contract was signed, and just as soon as she procured the customer; and he claims to have misunderstood counsel in the preceding examination. It was for the jury, therefore, to consider what weight should be attached to his explanation, and to reconcile his conflicting statements.

The evidence on the part of the defendant, which was within the issues, and so treated on the trial, also tended to dispute the allegations that the payment of the commission was secured on the production of a customer able, ready, and willing to purchase the land, and to show that plaintiff's commission, when earned, should be part of the purchase price, and to contradict the plaintiff's agent.

It seems that the plaintiff was familiar with the title, and that the defendant held the land under an uncompleted contract of sale when the sale in question here was made.

It is assumed that one of the grounds, at least, upon which the purchaser at the sale in question obtained judgment, in effect rescinding the sale, and entitling her to recover back the earnest money paid, was that the defendant was not able to make title. That judgment was offered in evidence, but it is left in doubt what effect was given to the papers and proceedings contained in the judg-

ment roll. Strictly, however, since it was between other parties, it was evidence only of the fact of its rendition and the subject-matter of the controversy.

The defendant requested the court to instruct the jury, that unless they should find, by a fair preponderance of evidence, that the plaintiff and defendant, Miller, entered into a contract substantially on the terms alleged in the complaint, the plaintiff cannot recover; but the court refused to so charge without qualification, but instructed the jury, in substance, that the plaintiff should recover if the contract was shown to be as alleged in the complaint, and also, that if the jury found that such was not the contract, but that, by the terms of the contract as actually proved, plaintiff was to receive her compensation out of proceeds in case the contract of sale was completed, then the plaintiff might also recover, unless the defendant showed that the failure to complete the same was without his fault. This was error. The court should have given defendant's request without qualification. The plaintiff must recover, if at all, upon the contract alleged. She cannot base a recovery upon the testimony of the defendant, offered to disprove the terms of the contract, and to contradict the plaintiff's agent. The rule which will support a finding upon an issue tried, by consent, outside of the pleadings, has no application to this case. But conceding that, upon the state of the evidence, such a claim might be sustained, it was error to charge "that if the jury found that the contract of sale, as testified to by defendant, was not carried out through any act, deed, failure of title, or for any cause whatever, the plaintiff might recover as well as under the contract as alleged," and plaintiff's exception to this portion of the charge must also be sustained.

Under the rule in *Flower* v. *Davidson*, 44 Minn. 46, (46 N. W. 308,) if the contract required the sale to be consummated, and the plaintiff's compensation depended upon the payment of the purchase money, the plaintiff could not recover unless these conditions should exist, or unless the plaintiff was defeated by the fraud, bad faith, or wrongful acts of the defendant.

And it is clear that inability to make title within the time specified would not subject the defendant to liability if the contract was not carried out for that cause; nor would the burden of proof rest

on defendant to show that the failure of the contract was not due to the acts or omissions of the defendant in the premises.

Order reversed.

BUCK, J., took no part.

(Opinion published 57 N. W. Rep. 318.)

Application for reargument denied January 10, 1894.