BART J. GOODWIN v. WILLIAM H. SIEMEN.[1]

December 31, 1908.

Nos. 15,928—(93).

**Broker—Construction of Writing.**

> A writing, evidencing the commission to be paid to the plaintiff for pro-
> curing a purchaser for the defendant's land, was directed to the plaintiff
> and signed and delivered by the defendant. It was to the effect that, if
> the deal then pending between the defendant and a third party for an
> exchange of property was consummated, the defendant would pay the
> plaintiff $1,000 commission. *Held*, that no commission was due until the
> deal was brought to a completion by an actual transfer of the title of the
> property by an exchange of deeds.

Action in the district court for Hennepin county to recover $1,-
000 for services rendered as real estate broker. The case was tried
before Brooks, J., who dismissed the action at the close of the tes-
timony. From an order denying a motion to vacate the order dis-
missing the action and to grant a new trial, plaintiff appealed. Af-
firmed.

*George S. Grimes,* for appellant.
*Cohen, Atwater & Shaw,* for respondent.

START, C. J.

The plaintiff is a real estate broker, and brought this action in the
district court of the county of Hennepin to recover for his services
as such rendered to the defendant. The complaint alleged, in ef-
fect, that the defendant employed the plaintiff and agreed to pay
him a commission of $1,000 if he would procure a purchaser for the
real estate therein described upon terms satisfactory to the defend-
ant, and, further, that the plaintiff fully performed the contract on
his part and did procure such purchaser, William Sproat. The an-
swer denied the allegations of the complaint, except as admitted by
the answer, and contained allegations to the effect following: De-
fendant agreed with plaintiff that if he would procure an exchange
for defendant's property, whereby he would obtain in exchange there-

[1] Reported in 118 N. W. 1008.

for farm lands of the value of $55,000, on terms satisfactory to the defendant, he would pay to the plaintiff $1,000 on the full completion of such transaction and upon the delivery of the deeds, and other writings in consummation thereof, and not before. The defendant was induced, by the fraud of the party procured by the plaintiff, to enter into an executory contract with such party for an exchange of their respective property. The defendant, on discovering such fraud, repudiated such executory contract, and it has never been consummated. An action is now pending and undetermined whereby the proposed purchaser of the defendant's property seeks to enforce specific performance of such executory contract. The reply put in issue the new matter alleged in the answer. On the trial of the action, when the plaintiff rested his case, the court, on motion of the defendant, dismissed the action, and the plaintiff appealed from an order denying his motion for a new trial.

The question for our decision is whether the evidence, taking the most favorable view of it for the plaintiff, would have sustained a verdict for him. It conclusively appeared from the evidence: That on the morning of the day that the executory contract of the parties for an exchange of property was signed by them the plaintiff requested the defendant to give him a writing as to the amount of his commission. That the plaintiff then prepared and presented to the defendant a writing in the words following:

"Minneapolis, Minn., May 27, 1907.

"Mr. Bart. J. Goodwin,

"Minneapolis, Minn.

"Dear Sir:

"If the deal now pending between Wm. Sproat and myself for an exchange of my property located at Plymouth and Third Avenue North is consummated, I will pay you $1,000 commission."

That the defendant signed the proposed agreement and delivered it to the plaintiff. The plaintiff testified that after the executory contract was signed, and on the same day, the defendant told him that he would give him $500, but that he would have to wait until fall for the other $500. It is not claimed that the executory contract was ever consummated, nor is it claimed that its consummation was

prevented by any fault or neglect on the part of the defendant. The contention of the plaintiff is that the deal referred to in the written agreement, as to his commission, was consummated when the executory contract was mutually signed and delivered to the parties thereto, and that the agreement should be so construed. On the other hand, the defendant contends that by the terms of the agreement the plaintiff was not entitled to receive his commission until the deal was consummated by an exchange of deeds by the parties to the executory contract, and that the trial court, in so construing the written agreement for the payment of plaintiff's commission, did not err.

The plaintiff's right to recover in this action depends upon the proper construction of the written agreement as to plaintiff's commission. If he understood it to mean that his commission was to be paid as soon as the executory contract of the parties for an exchange of land was signed by them, it would have been the simple and natural way to have so stated in the agreement which he prepared for the defendant's signature. He did not do so; but, on the contrary, he used language which clearly imported an agreement that the commission was to be paid when the proposed exchange of the defendant's property was consummated—that is, brought to completion by an actual transfer of the title, by an exchange of deeds by the parties. We so construe the agreement. Flower v. Davidson, 44 Minn. 46, 46 N. W. 308. It follows that by the terms of the agreement the plaintiff's commission was not due when this action was brought, and the action was rightly dismissed.

Order affirmed.