## JACOB JACOBSON v. A. A. ROTZIEN and Another.[1]

July 22, 1910.

Nos. 16,656—(158).

**Broker's commission — proof.**

An agent's commission for "effecting a sale or trade" of property is not shown to have been earned until a contract to sell or trade, binding upon the property owner, is proven as having been entered into through the procurement of the agent.

**Evidence.**

The evidence here does not establish a contract binding upon the defendants.

Action in the municipal court of Minneapolis to recover $250 commission for having "been instrumental in effecting a trade" of certain real estate. The answer alleged that one of the terms of the contract for exchange was that defendant should have an opportunity and five days within which to view the premises; that defendant having done so, returned to the city of Minneapolis where he notified C. W. Parsons, the person with whom the sale or exchange was to be made, that he did not accept the property, for the reason that it had been greatly misrepresented as to value and location; that the lands were of no greater value than the mortgage of $3,700; that Jacob Jacobson greatly misrepresented the value and description of the property, stating that a large amount of standing timber of a marketable value was growing upon the land and that the timber was well worth the value placed upon the lands by Jacobson and Parsons; whereas there was no considerable amount of timber on the lands, that the timber growing upon the land was of no value, and that defendants

[1]Reported in 127 N. W. 419, 856.

[Note] Performance by real-estate broker of his contract to find a purchaser for, or effect an exchange of, his principal's property, see note to Lunney v. Healey (Neb.) 44 L. R. A. 593.

were deceived into entering into the contract; that plaintiff had been paid a commission for services performed in the transaction; that defendants had no information that plaintiff was to receive a commission, and denied that they ever agreed to give plaintiff a commission, or ever engaged him to act as their agent. The reply was a general denial. The case was tried before Charles L. Smith, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $250. From an order denying defendants' motion for a new trial, they appealed. Reversed.

*Morrison & Crawhall*, for appellants.

*Paul J. Thompson*, for respondent.


O'BRIEN, J.

This was an action for an agent's commission on sale of real estate. The contract for the commission was as follows:

"Minneapolis, Minn., June 17, 1909.

"I, the undersigned, agree to pay to Jacob Jacobson the regular Minneapolis board rate of commission on my property if he shall in any way be instrumental in effecting a sale or trade of my property.

"[Signed]    A. A. Rotzien.
"Anna M. Rotzien."


On the same day, June 17, 1909, plaintiff secured a purchaser in the person of one Parsons, with whom defendants entered into a written contract for an exchange of property and some cash payments. The contract contained this provision: "It is further agreed that the party of the first part will have five days from date to go up and examine the land in St. Louis county, and if found satisfaction the papers are to be exchanged at once, and if found unsatisfaction [sic] the party of the first part will notify the party of the second part in writing not later than five days from date to cancel this contract. If accepted by the party of the first part, then this agreement to be in full force and effect, and ten days' time shall be granted in which to perfect titles and transfer papers."

The record is silent as to anything further until July first, when

Parsons wrote defendants, tendering performance upon his part, and on the same day the plaintiff, upon behalf of Parsons, made a personal tender of performance to Mrs. Rotzien, and apparently on this same day defendant A. A. Rotzien sent Parsons this letter:

"New Germany, Minn., July 1, 1909.

"C. W. Parsons,

"337 Palace Bldg.,

"Minneapolis, Minn.

"Dear Sir:

"I notified Mr. Jacobson that I would not take the trade, and also notified your office by 'phone that I did not want the land. And you did not want to make the trade yourself. Now do not make any expense about this any further.

"I remain,

"Yours truly,

"A. A. Rotzien."

The oral evidence upon the trial did not show when, if ever, the defendants repudiated the contract prior to July 1. No evidence was introduced upon behalf of defendants, and the court found in effect that by plaintiff's procurement a binding contract had been entered into between defendants and Parsons, which constituted a full performance of plaintiff's contract, and judgment in his favor was directed.

Defendants claim the commission was not earned until a sale or trade had been effected, and that the case is governed by the decision of this court in Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008, where it was held that under a contract reading: "If the deal now pending between Wm. Sproat and myself for an exchange of my property located at Plymouth and Third Avenue North is consummated, I will pay you $1,000 commission," no commission was earned until the deal was completed by exchange of deeds. While there is much force in this claim, we do not find it necessary to so strictly construe the contract for the commission. If it be conceded that plaintiff's contract would be performed when he produced an

acceptable purchaser with whom the defendants entered into a binding contract, we still think the plaintiff failed to make out a case.

The contract with Parsons did not bind the defendants to accept his land, unless they were content to do so after an examination of it, and the letter of July 1 was a repudiation of the contract by Rotzien, which at least amounted to an attempt upon his part to exercise the right reserved in the contract to do so. Plaintiff claims that defendants had only five days in which to exercise this option, and the time to do so had expired before July 1. This may or may not be true, depending upon what actually took place between the parties to the contract during the time which elapsed, as well as many other circumstances. If, in fact, the defendants were within their rights in refusing to carry out the contract, plaintiff had not earned his commission, and the evidence fails to show that the refusal to perform by defendants was in violation of the contract. No sale or trade having been effected, and the evidence failing to show that the failure was because of a wrongful refusal upon defendants' part, the plaintiff was not shown to have earned his commission.

The order denying a new trial is reversed.

On October 7, 1910, the following opinion was filed:

PER CURIAM.

A reargument of this case has not changed our views as expressed in our former decision. The contract expressly provided the defendants should have five days in which to examine the land and determine whether or not they would accept the trade. It further provided they should notify the other party to the contract of their acceptance or refusal in writing not later than five days from the date of the contract. A literal compliance with this last provision would not give the defendants five full days within which to make the examination, but aside from this the contract fairly construed was only tentative, the evident intention being that the defendants should not be compelled to make the trade, unless after an examination of the land they were satisfied with it.

Thirteen days after the date of the contract the defendant, A. A. Rotzien, expressed his dissatisfaction, so that unless the limitation

of five days was controlling the defendants in refusing to perform exercised a privilege given them by the terms of the contract. Our judgment is that the time within which the defendants were to express their satisfaction or dissatisfaction with the land was not of the essence of the contract and that specific performance of the contract upon their part could not have been compelled by Parsons, the other party to it. The result is that a contract binding upon defendants was not shown and plaintiff was not, under the evidence produced, entitled to a commission. 9 Cyc. 604; 1 Parsons, Cont. (9th Ed.) 602; 3 Parsons, Cont. 352, 353; Frink v. Thomas (Ore.) 12 L. R. A. 239, and note.

The former decision is adhered to.