## C. H. GRAVES & COMPANY v. MOSES S. COOK.[1]

June 16, 1911.

Nos. 17,045—(151).

**Real estate broker.**
> A brokerage contract construed as. an agreement to furnish a customer ready, able, and willing to buy the real property in question upon the specified terms.

**Payment of commission.**
> Although by the terms of the contract the agreed commission is payable out of the purchase price, the defendant having arbitrarily refused to make a sale to the customer furnished by the plaintiff, the plaintiff is entitled to payment of such commission.

Action in the district court for St. Louis county to recover $1,000 commission for services rendered in securing a purchaser for certain property. The case was tried before Ensign, J., who ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Reversed.

*Baldwin, Baldwin & Dancer,* for appellant.
*A. E. McManus,* for respondent.

SIMPSON, J.

This is an action brought by plaintiff to recover a commission claimed to have been earned under a written contract by securing a customer for real estate owned by defendant. After trial by the court, judgment that the plaintiff take nothing by the action was entered. The plaintiff appeals from the judgment.

No complaint is made as to the findings of fact by the trial judge. The appellant claims it was entitled to judgment in its favor upon

[1]Reported in 131 N. W. 854.

[Note] Default of principal as affecting real estate broker's commissions, see note in 43 L.R.A. 593.

the findings. Whether or not this claim is correct is determined by the meaning of the brokerage contract. The contract is as follows:

"I hereby authorize C. H. Graves & Company as my agent in disposing of the building on leased ground at No. 214 West Superior street, Duluth, Minnesota, and occupied as a restaurant by J. J. Haley and others, together with my leasehold interest in the land upon which said building is situated, to wit, the east half (E. $\frac{1}{2}$) of lot forty (40), in block six (6), in Central Division of Duluth, in St. Louis county, Minnesota, according to the recorded plat thereof; they to sell this property at a price of sixteen thousand dollars ($16,000), receiving from the proceeds thereof $1,000 as their commission on the sale, and on further authorization they to accept earnest money on this sale, giving their receipt therefor as my agent.

"M. S. Cook."

It was thereafter agreed that payment of the $16,000 purchase price might be made by the purchaser assuming a mortgage of $9,000 then on the property and paying $7,000 in cash. The plaintiff furnished one Smith as a purchaser. Smith concededly was ready, able, and willing to buy upon the specified terms. The defendant refused to sell to Smith, for the reason that he believed Smith would use said property for saloon purposes.

The trial judge determined the commission was not earned because no sale was made. The conclusion is based on the view that, because of the provisions of the contract for payment of the agreed commission out of the purchase price and for receipt of earnest money by the agent "on further authorization," the contract is, in effect, an agreement to pay commission upon any completed sale which the defendant would authorize. We think the meaning thus arrived at cannot be gathered from a reading of the entire contract. The clear purpose of the contract is to obtain the services of the plaintiff to negotiate a sale of defendant's property. The contract suggests no requirements as to or qualifications of the purchaser except that he be ready to pay the specified price. No other services of value to the owner on the part of the agent are called for than the finding of such a purchaser. The contract contemplates the making of a sale if such purchaser is

furnished. The provisions referred to, if given their natural mean-ing, are entirely consistent with such purpose.

The clause providing for payment of commission out of the pur-chase price apparently fixes the time and manner of payment. Giving the provision that the agent shall, on further authorization, accept earnest money, the force of a provision reserving to the owner the right to authorize the making of a contract to sell, even that is not equivalent to reserving the right to arbitrarily refuse to sell. A person might be presented as a purchaser. The owner reserved the right to determine in advance of the making of a contract whether such per-son was in fact ready to buy on the agreed terms. Further, the agency of plaintiff was not exclusive. Its contract was subject to the implied condition that the property might sooner be sold by the owner or others. In either such case the unwarranted closing of a contract by plaintiff might embarrass the owner or cloud his title. The ob-vious effect of these clauses in the contract is to protect the owner against the making of a fruitless or harmful contract and a demand for commissions thereon.

To hold that these provisions show that the parties to the broker-age contract intended that the acceptance of the results of plaintiff's service and making payment therefor should be wholly optional with the owner is to give them an unnatural meaning and a greatly exag-gerated effect. They simply provide a method of completing a sale and paying the commission. They do not thereby give the owner the right to arbitrarily refuse to follow out the prescribed method. The refusal by the owner to sell, on the ground assigned, is a purely arbitrary refusal with reference to any terms or reservations contained in the contract. To construe the contract to mean that the plaintiff might find a purchaser for the property, and, if the defendant then desired to sell and did sell to such customer, he would pay $1,000 commission, is contrary to the intent of the parties as plainly evi-denced by the contract read as a whole. The plaintiff furnished a customer ready, able, and willing to buy on the stipulated terms, and thereby performed the services required of it—the services which constituted the basis for defendant's agreement to pay its commission. The defendant cannot, by refusing to authorize plaintiff to do a

purely formal act—accept earnest money—deprive plaintiff of the commission earned.   McDonald v. Smith, 99 Minn. 42, 108 N. W. 291; Hamlin v. Schulte, 34 Minn. 534, 27 N. W. 301.

The cases cited by respondent involve contracts in which it is in terms provided that a commission will be paid in case a sale is consummated.   Hamlin v. Schulte, supra; Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008.   In these cases also the consummation of the sale was not prevented by the fault or unwillingness to sell of the owner.

The findings made support the conclusion that the plaintiff was entitled to judgment for the stipulated commission.   The judgment appealed from is reversed, and the case remanded, with directions to the court below to cause judgment to be entered in plaintiff's favor in accordance with this decision.

Reversed.