LILLY D. DOW v. ALFRED BOSTROM AND ANOTHER.[1]

May 4, 1917.

Nos. 20,215—(38).

**Landlord and tenant — payment by cropper — evidence.**

> This case involves questions of whether landowners received their full share of certain crops grown by their tenants. The questions involved are questions of fact. The verdict of the jury must be sustained unless it is clearly and palpably against the evidence. It is not. The verdict is sustained.

Action in the district court for Clay county to recover $309.52. The answer demanded judgment for $350.18. The facts are stated in the opinion. The case was tried before Nye, J., and a jury which returned a verdict for $250.90 in favor of plaintiff. Defendants' motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*Edwin Adams* and *F. H. Peterson,* for appellants.
*Charles S. Marden,* for respondent.

[1]Reported in 162 N. W. 465.

Hallam, J.

Plaintiff sued defendant on certain demands that were admitted. The litigation was over the counterclaim of defendants.

In 1913 plaintiff's son, Harry McCullough rented a half section of land of defendants. McCullough planted barley and flax. Of the barley, defendants were to receive 1/3, of the flax 1/2. McCullough also farmed several other tracts of land and raised on some of them barley and flax. In the fall of 1913 he hauled both barley and flax to market, and applied certain of the proceeds in a manner in which he had been directed by the defendants. In the fall of 1913 plaintiff took over the interests of McCullough. In March, 1914, McCullough died. He had never had a full accounting with defendants. Defendants now claim that they never received all of the barley and flax to which they were entitled nor the proceeds thereof. They claim that some of the barley and some of the flax which belonged to them was never hauled to market, and that plaintiff appropriated this to her own use. On the trial plaintiff admitted having received and used barley of defendants to the amount of $35.93, and the jury found defendants' counterclaim sustained to this extent and no more.

Defendants claim that the proof is undisputed that plaintiff appropriated in addition to that above mentioned 41 bushels of barley and 112½ bushels of flax.

We think the finding of the jury must be sustained.

The burden of proof as to the counterclaim was on the defendants. Both parties were much embarrassed in making their proofs by the fact that McCullough alone had knowledge of all the facts, that he kept no books, and that his story cannot now be told, and from the further fact that he farmed several tracts of land and confused the products grown on the different tracts.

As to the barley, defendants investigated as best they could and satisfied themselves they had received less than their share by 41 bushels in addition to the amount conceded by plaintiff. They gave the court and jury the result of their investigations, but their evidence was necessarily hearsay, and their research left the matter somewhat in the realm of conjecture. They were no doubt honest in their conclusion, but the jury was not bound to accept their conclusion.

As to the flax there is evidence that the yield on defendants' land was approximately 1,200 bushels. There is also evidence that the proceeds of 600 bushels were applied to their use. This is plaintiff's showing. The testimony on defendants' side is that the flax from defendants' land was placed in what is known as the "steel granary," and that plaintiff took the last 225 bushels of this flax. If she did so, this of itself proves very little. This may have been part of the share of McCullough and not of defendants. We cannot say that McCullough may not have already hauled defendants' full share. The evidence is not decisive as to the amount grown on defendants' land or as to the amount placed in the "steel granary," or as to the amount hauled to market. The whole question was one of fact and with burden of proof resting on the defendants. The verdict of the jury must be sustained, unless it is clearly and palpably against the evidence. It is not. The verdict is sustained.

Judgment affirmed.