## JOHN R. APPLEBY v. GEORGE W. DYSINGER.[1]

### July 6, 1917.

### Nos. 20,354—(174).

**Broker — action for commission — failure of proof.**

.1. Defendant employed plaintiff to effect an exchange of his land for other land. By express agreement the commission was payable only in case an exchange was actually consummated. Through plaintiff's efforts a written contract for an exchange was entered into, but this contract was never performed and the exchange was never made. As plaintiff failed to show that the nonperformance of the contract resulted from the fault of defendants, he is not entitled to recover the commission.

**Exchange of property — agreement too indefinite to enforce.**

2. A contract for an exchange of land which provides that a parcel thereof shall be conveyed subject to certain specified incumbrances thereon, and which by a subsequent amendment provides that such conveyance shall be subject to an additional incumbrance of $500, not shown to be then in existence, and the terms and conditions of which are not given, is too indefinite and incomplete to be enforceable.

Action in the municipal court of Minneapolis to recover $333.50, balance of a commission due in securing a purchaser for certain property. The case was tried before Bardwell, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Edwin S. Slater,* for appellant.

*Chester R. Nichols* and *Earl J. Frisbee,* for respondent.

TAYLOR, C.

Plaintiff, a real estate agent, was employed by defendant to find a purchaser for defendant's land. Plaintiff opened negotiations with

[1]Reported in 163 N. W. 739.

one Beecher, the owner of a flat building in the city of Minneapolis, which resulted in a written contract between defendant and Beecher for an exchange of properties. But, for some reason not disclosed by the record, the contract was not performed and the exchange was never consummated. Plaintiff brought suit for his commission and the municipal court ordered judgment in his favor. Defendant appealed from an order denying a new trial.

1. Plaintiff contends that, having produced a prospective purchaser with whom defendant made a written contract for an exchange of properties, he is entitled to his commission, notwithstanding the fact that the contract was never performed and the proposed exchange never made. We may concede that this is the general rule when no different agreement has been made and the contract to make the exchange is enforceable; but where, by express agreement, the commission is not to be paid unless an exchange is actually consummated, the commission is not due or earned until the exchange has been completed by a conveyance of the respective properties from one party to the other. Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008; Jacobson v. Rotzien, 111 Minn. 527, 127 N. W. 419, 856.

The agreement as to the commission was made at the time defendant signed the final written contract, which had previously been signed by Beecher. Defendant testified that he was to pay the commission, "provided this deal goes through." Plaintiff's testimony on this point is as follows: "Q. You say on the 23d of October you had a conversation with Dr. Dysinger with regard to the commission. Have you stated the whole of the conversation to the best of your recollection? A. All there was to it. He asked me what commission I would charge him and we finally agreed on $350, which I would accept. Q. If the deal went through? A. Yes. Q. That was the condition, of the deal finally going through and finally accepted? A. Any commission is; yes, I suppose it was."

It is clear from this testimony that both plaintiff and defendant understood and agreed that the commission should be payable only in case the exchange was actually consummated; and, as it is conceded that no exchange was ever consummated, plaintiff is not entitled to recover. If the contract were enforceable and plaintiff had shown

that defendant was responsible for the noncompletion of the exchange, he might be in position to invoke the rule applied in C. H. Graves & Co. v. Cook, 115 Minn. 34, 131 N. W. 854; but he failed to allege or prove that the nonperformance of the contract resulted from the fault of defendant, and the burden was upon him to do so.

2. Defendant contends that the written contract with Beecher is so incomplete and uncertain that it is unenforceable. This contention is based upon the fact that the contract provided that defendant and Beecher should each take the property of the other subject to certain designated incumbrances, and did not fully set forth the terms of such incumbrances. The original contract provided that Beecher should take one parcel of defendant's land subject to a mortgage of $2,500 bearing interest at 7 per cent per annum and due about October 29, 1917, and another parcel subject to $850 "in a contract for deed with interest at 6 per cent per annum;" and also provided that defendant should take Beecher's property subject to a first mortgage of $8,000 on which $500 had been paid, and a second mortgage of $6,000 "payable at the rate of $75 per month, interest at 6 per cent per annum." It may fairly be inferred that these incumbrances were existing incumbrances, and that the dates and other terms not stated in the contract were ascertainable from the several instruments evidencing them. We think that recourse may be had to instruments referred to in the contract, and which evidence the incumbrances, for the purpose of determining such details. The original contract reserved to Beecher the right to examine defendant's land and to accept or reject the proposition after such examination. Subsequently Beecher attached to the contract a proposition to accept it if defendant would "accept said flat building, subject to an incumbrance of $14,000 instead of $13,500, as stated in said contract." Defendant agreed to this change. None of the instruments evidencing the incumbrances were offered in evidence. The original contract specified the incumbrances to which the flat building was subject as a first mortgage upon which $7,500 remained unpaid, and a second mortgage of $6,000. There is nothing to show that this property was subject to any other incumbrance. The agreement for an additional incumbrance of $500 fails to show when it is to be paid or what rate of interest, if any, it

is to bear, and does not point out or refer to any instrument from which such information can be obtained. So far as appears this proposed incumbrance is not evidenced by any existing note, mortgage or other instrument, but may be created hereafter. The contract, as amended by the insertion of this provision, is so indefinite and incomplete that specific performance thereof could not be enforced. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201.

As plaintiff's claim to the commission rests wholly upon the fact that he procured the execution of the contract, and it appears that the contract was not performed and is unenforceable, he is not entitled to recover. The order appealed from is reversed for both reasons above mentioned.