B. L. HUNTLEY AND ANOTHER v. MARGARET I. SMITH AND ANOTHER.
MARGARET I. SMITH, APPELLANT.[1]

October 27, 1922.

No. 22,927.

**Plaintiffs employed as real estate brokers.**

1. The finding that plaintiffs, real estate brokers, were employed by defendant to find a purchaser for her property is sustained by the evidence.

**When refusal of owner to complete sale deprives broker of commission.**

2. Where it is stipulated that no commission is to be paid unless a sale is actually consummated and the sale was not consummated because the owner refused to complete it, the broker is not entitled to his commission if such refusal was for reasonable cause, but is entitled to his commission if such refusal was arbitrary and without cause.

**Tender of contract signed by purchaser not enough.**

3. The broker does not become entitled to his commission by tendering a contract signed by a proposed purchaser, unless the contract can be enforced against the purchaser if accepted and executed by the owner.

**Specific performance of indefinite contract not enforceable.**

4. The contract tendered by plaintiffs is too indefinite and uncertain to be specifically enforced.

Action in the district court for Hennepin county to recover $2,000. The case was tried before Hale, J., who when plaintiffs rested, granted the motion to dismiss the action as to A. B. Smith and denied the motion of Margaret I. Smith to dismiss the action as to

[1] Reported in 190 N. W. 341.

her, and at the close of the testimony denied the motion for a directed verdict in favor of Margaret I. Smith, and a jury which returned a verdict for the amount demanded. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, Margaret I. Smith appealed. Reversed.

*Edwin S. Slater* and *Rieke & Hamrum*, for appellant.

*Lugwig O. Solem*, for respondents.

TAYLOR, C.

Plaintiffs are real estate brokers. Defendant Margaret Smith is the owner of a flat building in the city of Minneapolis and defendant Arthur Smith is her father. As the action was dismissed by plaintiffs as to defendant Arthur Smith, the term defendant, when used hereafter, will designate the defendant Margaret.

Plaintiffs alleged that they had been employed by defendant to find a purchaser for her property; that they were to have as their commission whatever amount they procured for the property over the sum of $40,000; that they found a purchaser for the property for the sum of $42,500; and that no part of their commission had been paid except the sum of $500. They recovered a verdict for $2,000. Defendant appealed from an order denying the usual alternative motion for judgment or a new trial.

1. The first question presented is whether the finding that plaintiffs were employed by defendant is sustained by the evidence. They were employed by Arthur Smith. There was evidence tending to prove that he had no authority to employ them on defendant's behalf; also evidence tending to prove that the employment, if unauthorized when made, was subsequently ratified. We find no sufficient ground for disturbing this finding.

2. The terms of sale, other than the selling price, were not specified, but were left to be fixed and determined in subsequent negotiations. Plaintiffs obtained a contract to purchase the property for the sum of $42,500 signed by Milo A. Clarke, and received from him $500 as earnest money. They presented this contract to Arthur Smith who signed it in defendant's name purporting to act as her attorney in fact. He was not her attorney in fact and had no

written authority to act as her agent. At the same time the agreement in respect to plaintiffs' commission was put in writing and signed by plaintiffs and by Arthur Smith as agent of defendant. It provided that, for their services in selling the property to Clarke for $42,500, plaintiffs were to receive the excess above $40,000 as their commission, and that they were to retain as a part of it the $500 already paid by Clarke, but were not to have any commission except this $500, if for any reason the sale failed to be completed. Clarke had paid $500 as earnest money. When he offered to make the next payment required by his contract, defendant flatly refused to carry out the contract and the sale was never completed.

She contends that under the agreement with plaintiffs they are only entitled to the $500 which they have already received for the reason that the property was not sold. Plaintiffs contend that they are entitled to their full commission, as the failure to complete the sale was due wholly to the refusal of defendant to carry out the contract. Where the owner stipulated that the broker shall be entitled to his commission only in the event that a sale is actually consummated and no sale is consummated, the broker is not entitled to his commission, if the failure to complete the sale was because the purchaser failed to carry out the contract on his part or because the owner, for reasonable cause, refused to carry it out on his part, but the broker is entitled to his commission if the failure to complete the sale was because the owner, arbitrarily and without cause, refused to complete it. Flower v. Davidson, 44 Minn. 46, 46 N. W. 308; Cremer v. Miller, 56 Minn. 52, 57 N. W. 318; Van Norman v. Fitchette, 100 Minn. 145, 110 N. W. 851; Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008; Jacobson v. Rotzien, 111 Minn. 527, 127 N. W. 429, 856; C. H. Graves & Co. v. Cook, 115 Minn. 34, 131 N. W. 854; Appleby v. Dysinger, 137 Minn. 382, 163 N. W. 739. No cause is shown which would justify defendant in refusing to complete the sale except the indefiniteness of the contract hereinafter mentioned, and she could not defeat plaintiffs' claim for commissions by arbitrarily refusing to complete it.

3. To earn his commission, a real estate broker must produce a purchaser willing, able and ready to buy on the terms authorized

by the owner, and must afford the owner an opportunity to make a binding contract with the proposed purchaser on the authorized terms; or he must tender a contract to buy on the authorized terms executed by and enforceable against a proposed purchaser able to buy. McDonald v. Smith, 99 Minn. 42, 108 N. W. 291. The terms of sale, other than the selling price, were not specified or agreed upon otherwise than in and by the contract signed by Clarke and Arthur Smith. This contract is not enforceable against defendant because not executed in her behalf by an agent authorized in writing as required by the statute of frauds. G. S. 1913, § 7002; Thomas v. Rogers, 108 Minn. 132, 121 N. W. 630, 133 Am. St. 421. But, if it could have been enforced against Clarke in case defendant had chosen to accept and execute it on her part, plaintiffs performed their undertaking by tendering it. A contract for the sale of land, to be enforceable, must be sufficiently definite so that all the terms thereof can be determined from the information given by the contract. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Williams v. Stewart, 25 Minn. 516. Defendant points out several particulars in which she claims that this contract is too indefinite and uncertain to be enforceable. We need mention only three.

The description of the property is given as follows:

"Apartment building located at and numbered 1200-1208 West Franklin Ave. (Known as Grey Gables) described as lot eighteen (18) and the south part of lot seventeen (17) which includes the driveway, in block fifty-two (52) Groveland Addition to Minneapolis, Minnesota, according to the plat thereof."

It is clear that the description "south part of lot seventeen (17) which includes the driveway" is too indefinite and uncertain to determine therefrom what part of the lot is to be conveyed, and no attempt was made to identify it in any other way. No attempt was made to show that a specific part of this lot was known and understood to be included in the property designated as apartment building numbered 1200-1208 West Franklin avenue known as Grey Gables.

The contract also contains these two provisions,—

"$300 paid 8/15/20 to be adjusted."

"It is further agreed grantee is to pay grantor at the rate of Six Hundred Fifty Dollars ($650.00) for all coal that remains on premises at time of settlement."

It contains nothing more relating to either matter. These provisions are too vague and incomplete for a court to determine therefrom what rights and obligations the parties intended to create. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Leslie v. Mathwig, 131 Minn. 159, 154 N. W. 951; Appleby v. Dysinger, 137 Minn. 382, 163 N. W. 739.

We are constrained to hold that the terms of the contract were too indefinite and uncertain to be enforceable against the proposed purchaser, and the order appealed from must be, and is, reversed.