## W. E. GRAHAM v. WILLIAM TUCHTENHAGEN.[1]

November 17, 1922.

No. 23,101.

**Verdict in favor of broker sustained by evidence.**

　　1. The evidence sustains a finding of the jury that the plaintiff procured a purchaser ready, able and willing to buy the defendant's farm at a price for which it was offered, and that the defendant and the purchaser agreed upon the time of the deferred payments.

**Contract between vendor and broker construed.**

　　2. The written contract between the plaintiff and the defendant provided that the compensation should be due and payable when the sale was completed by the execution and delivery of a deed or contract of sale; and that if the plaintiff procured a purchaser the defendant would execute all necessary papers, and upon failure to do so should be liable for the agreed compensation. Under this contract the defendant was liable to the plaintiff for the agreed compensation when he procured a purchaser ready, able and willing to perform, who agreed with the defendant upon the time of the deferred payments, although the defendant refused to execute the necessary papers and complete the sale.

　　Action in the district court for Wright county to recover $2,200 commission as real estate broker. The case was tried before Giddings, J., and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

　　*Henry Spindler*, for appellant.

　　*O. J. Anderson* and *F. E. Latham*, for respondent.

DIBELL, J.

Action to recover compensation for procuring a purchaser for the defendant's farm. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

　　1. On May 1, 1920, the plaintiff and defendant entered into a contract whereby the plaintiff acquired the exclusive right to sell

[1]Reported in 190 N. W. 612.

defendant's quarter-section farm in Wright county for $33,000 net, he to have all above that sum as compensation. The provision as to price and terms was as follows:

"The price at which the said parties of the second part are hereby authorized to sell said premises is $33,000.00. Net to owner.

"The terms of sale shall be $10,000.00 cash, deferred payments to be secured by a first mortgage on said premises drawing 6 per cent interest, due and payable as follows: Time to be arranged for payments at time of sale."

The plaintiff claims that he procured a purchaser and that the defendant refused to perform. The testimony, as remarked by the trial court, is in sharp conflict. That of the plaintiff tends to prove that he produced a purchaser ready, able and willing to buy at $35,-200, and that the purchaser and the defendant agreed that the deferred payment should be secured by a ten-year 6 per cent mortgage, and that the defendant declined to close the sale. The testimony of defendant tended to prove that a purchaser was not procured and that terms were not agreed upon. The jury might take the view of one or the other. It took that of the plaintiff. There is no ground for interference by us.

2. The contract provided for the payment of the service of the plaintiff as follows: "Said compensation to be due and payable when sale is completed by the execution and delivery of a deed or contract of sale." Further on was a provision that "should a purchaser be obtained and furnished, the said party of the first part [defendant] agrees to execute and deliver all papers necessary to carry out any sale made in accordance with the terms of this agreement, and upon failure to do so shall be liable to the said party of the second part for the compensation herein provided for."

It is the contention of the defendant that the compensation was never earned because the sale was not completed. A contract may provide, and its provision be given effect, that a broker shall not have his commission unless the sale is actually completed. Appleby v. Dysinger, 137 Minn. 382, 163 N. W. 739; Dow v. Bostrom, 136 Minn. 372, 162 N. W. 465; Goodwin v. Siemen, 106 Minn. 368, 118

N. W. 1008; Van Norman v. Fitchette, 100 Minn. 145, 110 N. W. 851; Flower v. Davidson, 44 Minn. 46, 46 N. W. 308. This does not mean, unless the contract so provides, that there may be an arbitrary refusal of the owner to close. Huntley v. Smith, supra, page 297, 190 N. W. 341, where the cases are collected. Even if it be conceded that the clause first quoted would prevent a recovery unless the sale was completed, that the completion of the sale was essential to the earning of compensation, that there might be an arbitrary refusal to close, and this we do not hold, still the clause last quoted does not permit such construction. It is definitely agreed that the owner will carry out a sale to a purchaser procured under the contract and upon failure to do so will pay the stipulated compensation.

Order affirmed.