# THOMAS F. CHAPMAN v. MERCHANTS TRUST COMPANY AND ANOTHER.[1]

November 20, 1931.

No. 28,467.

*Brill & Maslon* and *Carl K. Lifson,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

PER CURIAM.

Action to recover commissions for procuring a borrower for the defendants. We will not distinguish between the two defendants. The Merchants Trust Company was to be the trustee under a trust deed securing the proposed loan. The Merchants National Company was concerned in the loan. The case was tried to a jury. The plaintiff and the defendants rested at the close of the plaintiff's testimony, and the defendants' motion to direct a verdict was granted. The plaintiff appeals from the order denying his motion for a new trial.

In the latter part of December, 1928, the plaintiff discussed with the defendants the advisability of erecting an office building in St. Paul. He stated that he had a client who had real estate and was thinking of building in St. Paul and would want a loan. His

[1] Reported in 239 N. W. 231.

client was one Lifson of Minneapolis, or the Lincoln Development & Holding Company, of which he was president. He found the defendants sanguine upon the practicability of a new office building and receptive to the proposition of making a loan. The same day he brought his client to St. Paul, and negotiations were had. They resulted in a memorandum of December 24, 1928, referring to a loan of $625,000 securing six per cent bonds to be dated March 1, 1929, and to be taken by the defendants at 94 per cent of par. The Merchants Trust Company was to be the trustee and to receive the customary fees of a trustee. The building was to be built according to plans and specifications which were furnished the defendants and was to contain 1,300,000 cubic feet.

Under date of December 27, 1928, the defendants wrote the plaintiff as follows:

"It is understood and agreed that you are to receive the sum of $2,500.00 in full settlement for any and all claim for brokerage in connection with the loan of $625,000 to Mr. Benjamin Lifson and associates, to which we are committed.

"In addition to this, we relinquish to you any right to the placing of the insurance on this building.

"It is also understood that this brokerage shall be due and payable to you when the loan is closed and we have placed the funds to the credit of the borrowers."

A statement signed below by plaintiff was as follows:

"I hereby signify my acceptance of the above understanding."

Defendants' only promise was to pay "when the loan is closed and we have placed the funds to the credit of the borrowers." They reserved full liberty of action, including the right to refuse to make the loan upon any ground whatsoever. The loan was not completed.

It is only where the broker is employed merely to produce a satisfactory customer, or the commission is conditioned upon consummation of a transaction and an executory contract has been entered into between the principal and a customer produced by the broker, that it is necessary to inquire whether the failure to

consummate is due to some arbitrary, capricious, or fraudulent refusal or neglect of the principal. The latter was the kind of situation considered in Flower v. Davidson, 44 Minn. 46, 46 N. W. 308, and again the subject of discussion in Huntley v. Smith, 153 Minn. 297, 190 N. W. 341. In such cases the determinative failure of consummation is not failure of the broker's principal to contract with his customer, but default in performance of such a contract after it is made. Cremer v. Miller, 56 Minn. 52, 57 N. W. 318; Van Norman v. Fitchette, 100 Minn. 145, 110 N. W. 851; Goodwin v. Siemen, 106 Minn. 368, 118 N. W. 1008. See also Annotation, 20 A. L. R. 289.

Where, as here, no contract was ever entered into between principal and customer, and the commission is conditioned upon the making of such a contract, the principal has the right to be arbitrary or even capricious. Defendants' promise was not to pay for the production of a satisfactory customer, but only for a completed loan, to the making of which it never committed itself, either to broker or customer.

Order affirmed.