F. J. SPARTZ v. JOSEPH G. RIMNAC
AND ANOTHER.

208 N. W. 2d 764.

June 22, 1973—No. 43788.

*Jerome V. Blatz,* for appellants.

*Hartke, Atkins & Montpetit* and *Jerrold M. Hartke,* for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and Gillespie, JJ.

ROBERT B. GILLESPIE, JUSTICE.*

This is an appeal from the denial of defendants' motion for a new trial. Plaintiff, F. H. Spartz, brought an action to collect the real estate broker's commission allegedly due him under a listing agreement with defendants, Joseph G. Rimnac and Robert F. Adelmann. The action was tried by the court with consent of the parties. The court found the plaintiff entitled to judgment. Defendants contend on appeal that a brokerage commission was not due plaintiff under the terms of the listing agreement since the purchase agreement contained a contingency which defendants allege prevented the agreement from being binding on either party.

On March 18, 1969, defendants signed a listing agreement with plaintiff covering a 40-acre tract of land in Apple Valley for which defendants were asking $80,000. The listing agreement provided in relevant part:

"* * * I hereby agree to pay you the commission on the purchase price thereof as indicated below, upon any sale or contract for the sale of said real estate made while this agreement remains in force, whether such sale be made by yourselves or by myself or whether at the price and upon the terms stated, or at a different price or upon other terms accepted by me."

Plaintiff procured a buyer, and within a week or two both buyer and defendant-sellers had signed a purchase agreement dated March 19, 1969. Buyer and sellers agreed on a purchase price of $80,000, $1,000 earnest money with $19,000 due at closing and the balance payable through the execution of a first mortgage to sellers. The signed purchase agreement contained the following provisions:

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

"This purchase agreement is contingent on buyer being able to obtain at buyers expense a R 3-C Multi family zoning.

"Closing shall be within 10 days after zoning is obtained. If zoning is not obtained within 90 days, then this contract shall be voidable by either party and the earnest money returned.

"Sellers agree to sign necessary papers to obtain said zoning and to support buyer in his efforts to obtain said zoning."

The purchase agreement also contains the following provision:

"Sellers agree to give releases from said mortgage to five acre square tracts as soon as the following amounts shall have been paid to sellers on the principal of the purchase price: $15,000.00 for each five acre square tract. Said tracts to be released of buyers choice provided that after the first tract is released subsequent tracts shall be adjacent tracts."

The buyer never secured the rezoning and no evidence was offered to indicate any effort to do so. Defendant Adelmann testified that sometime in June he signed a deed which had been prepared by his attorney. The evidence indicates that buyer and his wife signed a mortgage deed on June 23, 1969, and that the warranty deed to the property, signed by both sellers and their wives, is dated the same day. Adelmann testified that at that time he was still ready to continue with the agreement to sell the property. Adelmann conceded that he never complained that the property had not been rezoned as stated in the purchase agreement, and further conceded that he had never talked to either plaintiff or the buyer regarding any desire on defendants' part to avoid the transaction. Defendant Rimnac likewise testified that he had invested his attorney with the authority to close the deal in his behalf and that he did not at any time wish to avoid the deal because of lack of rezoning.

At trial, plaintiff testified that he had been authorized by the buyer to proceed with the purchase regardless of the rezoning and that neither defendants nor their attorney objected to the lack of rezoning or indicated any desire to avoid further partici-

pation in the contract for that reason. Near the end of June, after several attempts to contact defendants' attorney, who was difficult to reach, an agent for the broker went to the office of that attorney and attempted to close the transaction by delivering the mortgage deed and the purchaser's two checks covering real estate taxes and the balance of the down payment. They were not accepted. Defendants' attorney refused to close the deal unless words in the signed and proffered mortgage in regard to the release of 5-acre tracts were changed from "on the principal of the purchase price" to "on the principal of this mortgage."

The trial court simply concluded that the buyer did perform and made proper tender and that the failure to close the transaction was the fault of defendants, and at this point defendants became liable for the broker's commission. We agree with the trial court. The only issue before the court is:

Where the listing agreement provided that the broker was entitled to a commission upon the sale or contract for sale of real estate, has the broker earned his commission where the purchase agreement procured was voidable at the option of either party if the property was not rezoned, but both the purchaser and seller either expressly or implicitly waived the rezoning provision, and the seller refused to consummate the transaction unless other requirements of the purchase agreement were altered?

A broker is entitled to his commission after he has performed everything that he undertook to perform, and this necessarily depends upon the agreement of the parties. Schramsky v. Hollmichel, 233 Minn. 481, 47 N. W. 2d 177 (1951). Plaintiff's contract with defendants provided that defendants would pay plaintiff his commission upon any sale or contract for sale of the real estate. It is well-settled law that to be entitled to a commission upon procuring a sale or exchange of real property, a broker must secure the execution of a valid, binding, enforceable contract. Jacobson v. Rotzien, 111 Minn. 527, 127 N. W. 419 (1910); Huntley v. Smith, 153 Minn. 297, 190 N. W. 341 (1922); The Henry S. Grinde Corp. v. Klindworth, 77 N. D. 597, 44 N. W. 2d

417 (1950); Sammons v. Paterson, 127 Ore. 11, 270 P. 499 (1928). Where a broker is entitled to his commission upon the sale or contract for sale, the broker is required to produce a binding contract for sale.

The contract for sale which plaintiff succeeded in acquiring for defendants was an executory contract, voidable at the option of either party. See, Coppersmith v. Isherwood, 219 Md. 455, 150 A. 2d 243 (1959). A voidable contract is succinctly described by 17 Am. Jur. 2d, Contracts, § 7:

"A voidable contract * * * is valid and binding until it is avoided by the party entitled to avoid it. Furthermore, the defect therein may be cured by ratification by the party at whose instance it might have been avoided."

Restatement, Contracts, § 13, defines a voidable contract as one "where one or more parties thereto have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract." *Comment e* states:

"Where both parties have a power of avoidance the propriety of calling the transaction a voidable contract rather than calling the transaction void, is due to the fact that action is necessary in order to prevent the contract from producing the ordinary legal consequences of a contract; and often this action in order to be effectual must be taken promptly. Moreover, ratification by either party may terminate his power of avoidance."

In the instant case, the purchaser had the power to avoid the contract if he failed to secure a rezoning of the property. However, the purchaser chose to ratify the contract when he sought to close the transaction without the rezoning. Ratification is a question of fact and as applied to contracts it may be express or implied. In late June, when the purchaser tendered the mortgage, the real estate taxes, and the balance of the downpayment in order to close the transaction, he ratified the contract for sale and waived his right to avoid it. The contract for sale then became binding and enforceable against the purchaser, and plain-

tiff became entitled to his commission. The evidence is sufficient to justify the conclusion that the failure to consummate the deal was due solely to the sellers unjustly demanding terms of sale contrary to those set forth in the bilateral purchase agreement. Defendant sellers defeated the transaction not for any fault of the broker or the purchaser. See, Kaercher v. Schee, 189 Minn. 272, 249 N. W. 180 (1933) ; Huntley v. Smith, *supra*; Knowles v. Henderson, 156 Fla. 31, 22 So. 2d 384 (1945).

The decision of the trial court is affirmed.