BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed with costs.

---

MILTON T. WOOLLEY, Respondent, *v.* CHARLES LOWENSTEIN and Another, Appellants.

*Broker's commission upon an exchange of real estate — proof required of him.*

To entitle a real estate broker to his compensation he must produce a customer not only willing but able to purchase the principal's property, and to sustain a recovery in an action brought by a broker to recover his commissions upon a proposed exchange of real estate, it is necessary for him to show that the customer produced by him was the owner of the property which he offered to exchange, and that after the agreement to exchange was made the defendant refused to carry out the same.

APPEAL by the defendants, Charles Lowenstein and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of January, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 18th day of January, 1894, denying the defendants' motion for a new trial made upon the minutes.

*F. E. Dana,* for the appellants.

*M. F. McGoldrick* and *Geo. H. Harman,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered upon a verdict at Circuit, and an order denying defendants' motion for a new trial.

The action is brought by the plaintiff to recover for services rendered as a real estate broker. His testimony was to the effect that he was employed by the defendants to effect an exchange of certain vacant lots in New York city; that in pursuance of such employ-

ment he entered into negotiations with one Wronkow for an exchange of the lots for a building on State street; that the defendants made an offer of the terms on which they would trade with Wronkow; that finally he induced Wronkow to accept such terms, and notified the defendants of the acceptance of their offer, and that thereupon the defendants retracted their offer, and refused to execute a contract or proceed further in the exchange. These facts, if proved, and the jury have so found by their verdict, would entitle the plaintiff to recover, provided Wronkow was at the time able and willing to make the exchange. The statement of Wronkow accepting the proposed terms of exchange was properly admitted in evidence, and we do not think that the plaintiff was limited to proving such willingness solely by the testimony of Wronkow, or that he was concluded by Wronkow's testimony on that point given on the trial.

But to entitle the broker to his compensation he must produce a customer not only willing but able to purchase his principal's property. (*Condict* v. *Cowdrey*, 139 N. Y. 273; *Gerding* v. *Haskin*, 141 id. 514.) The point was distinctly raised by the defendants on a motion to dismiss the complaint that there was no evidence to show that Wronkow was the owner of the State street building, or able to convey it. It was necessary for the plaintiff to prove this fact to entitle himself to a recovery. We have looked through the evidence, and find the case barren of proof on this point. We, therefore, feel constrained to reverse the judgment.

The judgment and order denying a new trial should be reversed, and a new trial ordered, costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.