KENNETH A. McDONALD v. PATRICK A. SMITH.[1]

July 20, 1906.

Nos. 14,837—(144).

**Real-Estate Broker.**

Action to recover commissions, which the plaintiff claimed were due him for finding a purchaser for pine timber belonging to the defendant. *Held,* a real estate broker, in order to earn a commission for finding a purchaser, must either obtain a contract from a proposed purchaser able to buy, whereby he is legally bound to buy on the authorized terms, or he must produce to his principal a proposed purchaser, able, willing, and ready to buy on the authorized terms.

**Finding a Purchaser.**

It is not necessary that the principal and purchaser actually be brought face to face, but the principal must be notified that such a purchaser has been found and afforded a full opportunity to make a binding contract with him for the sale of the land on the terms authorized.

**Evidence.**

Evidence of conversation between the broker and the purchaser in negotiating the proposed sale, if the result be communicated to the principal, is admissible. Rutherford v. Selover, 87 Minn. 495, distinguished.

**Verdict.**

The trial court correctly charged the jury, and the evidence is sufficient to sustain the verdict in favor of the plaintiff.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.
*H. B. Fryberger,* for respondent.

START, C. J.

Action to recover commissions which the plaintiff claims are due to him from the defendant for finding a purchaser for certain pine timber belonging to the defendant. Verdict for the plaintiff in the sum of $12,058.84. The defendant appealed from an order denying his motion for judgment or for a new trial.

[1]Reported in 108 N. W. 290.

The complaint alleges two causes of action. The allegations as to the first one are to the effect that the defendant employed and authorized the plaintiff to find a purchaser for him for the Norway and white pine timber standing on the lands described in the schedule attached to the complaint at a minimum price of $100,000, one third thereof to be paid in cash, the balance in one and two years, with interest on the deferred payments at the rate of six per cent. per annum; that the defendant promised to pay to the plaintiff for such services, one half of the difference between such minimum price and the price that the plaintiff should be able to find a purchaser for such timber—that is, $10,000, being one half of the difference between $100,000 and $120,000, the price for which the timber should be sold; that the plaintiff procured a purchaser, able, willing, and ready to purchase the timber upon the terms stated; that the defendant accordingly agreed to convey the timber to the purchaser, but that thereafter refused to do so and repudiated his contract with the plaintiff and refused to pay his commission of $10,000 or any part thereof. The allegations of the complaint as to the second cause of action were that the defendant promised to pay the plaintiff $1,000, for assisting the defendant in negotiating a purchase of certain other timber by the defendant; that the plaintiff performed the contract on his part but the defendant has refused to pay the $1,000. The answer denied the allegations of the complaint here referred to. The verdict was for the full amount on both causes of action. The principal contention on this appeal relates to the first cause of action.

1. The defendant insists that he was entitled to judgment in his favor notwithstanding the verdict for the reason that the evidence conclusively shows that the plaintiff never found a purchaser who was willing to buy the timber, which he, the plaintiff, was authorized to sell, upon the terms authorized by the defendant; that such proposed purchaser was only willing to buy the timber on condition that the defendant convey to him the fee to such of the land on which the timber stood as he owned; that such purchaser was willing to pay interest on the deferred payments only at the rate of five per cent.; that the plaintiff neither obtained from the purchaser a binding contract to purchase the timber nor produced to the defendant such purchaser, who was then ready, able, and willing to make such contract; and, further, that the plaintiff was only to receive a commission in case the sale was actually

consummated. The evidence upon many of these points is conflicting and in some respects the testimony of the respective parties is not entirely consistent. The record consists of more than six hundred pages of printed matter, and we have been materially aided in its examination by exhaustive briefs of counsel as to the suggested questions.

The law applicable thereto is well settled by the decisions of this court. A real-estate broker in order to earn a commission for finding a purchaser must either obtain a contract from a proposed purchaser able to buy whereby he is legally bound to buy on the authorized terms or he must produce to his principal a proposed purchaser who is able, willing, and ready to buy upon the terms authorized. It is not necessary that the principal and the purchaser actually be brought face to face, but the principal must be notified that such purchaser has been found and afforded a full opportunity to make a binding contract for the sale of the land on the authorized terms. If the broker complies with either of the conditions stated he is entitled, unless he has stipulated to the contrary, to his commission although no sale is finally consummated. Hamlin v. Schulte, 34 Minn. 534, 27 N. W. 301; Grosse v. Cooley, 43 Minn. 188, 45 N. W. 15; Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148.

Upon a full consideration of the law and the whole record we have reached the conclusion that the evidence is sufficient to support the verdict as to both causes of action, and that the defendant's motion for judgment was properly denied.

2. The defendant urges in support of his motion for a new trial that the court erred in its rulings on the admission of evidence and in its instructions to the jury. A number of assignments of error in this connection relate to the admission in evidence, over the objection and exception of the defendant, of conversations, when he was not present, between the plaintiff and the proposed purchaser in relation to his purchase of the timber. It is claimed on the authority of Rutherford v. Selover, 87 Minn. 495, 92 N. W. 413, that such evidence was simply hearsay, and therefore not admissible.

The plaintiff's claim to be paid a commission does not rest upon a written contract by the purchaser whereby he was legally bound to buy the timber but upon the claim that he procured for the defendant a purchaser. It was then necessary for him to offer evidence to establish the fact that he found a purchaser able and ready to buy on the author-

ized terms, and that he communicated the result of his negotiations to the defendant, and afforded him a fair opportunity to consummate the contract with the purchaser. Such evidence, if the result of the negotiations be communicated to the principal, is not hearsay but original evidence tending to establish the alleged fact that plaintiff found a purchaser. It is just as clearly original evidence as would be a written statement of the proposed purchaser to the broker stating that he would buy on the authorized terms, if the principal elected to accept his offer. Grosse v. Cooley, supra; Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075; Fredin v. Richards, 66 Minn. 46, 68 N. W. 402; Huff v. Cole's Estate, 127 Mich. 351, 86 N. W. 835; Woolley v. Lowenstein, 83 Hun, 155, 31 N. Y. Supp. 570. The decision in the case of Rutherford v. Selover is not inconsistent with this conclusion. The conversations between the agent and the proposed purchaser in that case which were excluded were not in accordance with the terms of the sale authorized by the principal. The court did not err in receiving the evidence in this case.

3. The defendant also urged that the result of the alleged negotiations with the proposed purchaser was not communicated to the defendant until after the authority of the plaintiff was revoked, and further that the court erred in receiving evidence of the contents of a letter written and mailed by the plaintiff to the defendant to the effect that the proposed purchaser was ready to buy the timber on the authorized terms and pay his money therefor on the delivery of a deed therefor.

There was evidence tending to show that the letter was directed to the defendant at International Falls, Minnesota, that it was mailed with postage prepaid and that notice to produce the letter had been served. The defendant objected to the evidence on the ground that it was irrelevant, immaterial, not the best evidence, and no proper foundation laid. The objection was overruled. The objection, with others, is here made that the defendant's residence was at Fort Francis, Ontario, and that for this reason the evidence as to the mailing of the letter and its contents was not admissible. It is to be noted that no such objection was made at the time the evidence was received nor upon a motion afterwards made to strike out the evidence. See Graves v. Bonness, 97 Minn. 278, 107 N. W. 163. But this aside, there was evidence received tending to show that although the defendant resided at Fort

Francis he was accustomed to receive letters and telegrams at International Falls. He, however, testified that he did not remember getting the letter in question, that he never got such a letter. This was not conclusive evidence for the evidence tends to show other facts and circumstances from which the jury might find that the defendant was mistaken, and that he received the letter.

We hold that the court did not err in receiving the evidence as to the contents of the letter. Other alleged errors as to the admission of evidence are urged. We have considered them, and find no errors which would justify the granting of a new trial.

4. We find no reversible errors in the refusal of the learned trial judge to give requested instructions, nor in the instructions as given. The charge to the jury, considered as a whole, was a fair and correct presentation of the issues and the claims of the respective parties.

Order affirmed.