KENNETH A. McDONALD v. PATRICK A. SMITH.[1]

July 5, 1907.

Nos. 15,246—(164).

**New Trial.**

> Newly discovered evidence examined, and *held* sufficient to entitle defendant to a new trial.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial on the ground of newly discovered evidence. Reversed.

*Washburn, Bailey & Mitchell,* for appellant.

*H. B. Fryberger,* for respondent.

JAGGARD, J.

This case was recently before this court on appeal from an order denying defendant's motion for judgment or a new trial. The order of the trial court was affirmed. McDonald v. Smith, 99 Minn. 42, 108 N. W. 291. The facts are briefly referred to in that opinion. One fact of especial moment here concerns a deal for the so-called "Pelican Lake tract." Plaintiff claims that the purchaser, McAlpine, in accordance with negotiations between the parties, was given time to have the tract examined, and that McAlpine's estimator, Goward, made a trip to examine the tract, and got through checking up about November 12, 13, or 14. Goward, by his diary, fixed the time of his return from the woods to Duluth as November 12. Plaintiff fixed the time of McAlpine's acceptance of the offer about November 11, 12, 13, or 14, or within two or three days. McAlpine testified that it was some time in the middle of November. The time when McAlpine notified the plaintiff that he would purchase the Pelican Lake timber upon the terms offered is a material issue in the case. It is conceded that McAlpine was in Chicago on November 17. On November 18 or on November 19 the defendant wrote the plaintiff certain letters, which the defendant contends, with a good show of reason, operated as a revocation of McDonald's authority. When the case was remitted to the

[1] Reported in 112 N. W. 627.

lower court after its decision in this court, defendant made a motion for a new trial upon the ground of newly discovered evidence.

The defendant had learned from another lawsuit of evidence concerning McAlpine's whereabouts before and after November 12, 1903, to wit, in Arizona or Mexico. His affidavits and motion for a new trial caused it to appear probable that McAlpine was not in Duluth before November 16. The affidavits are not entirely satisfactory. They substantially tend, however, to impeach plaintiff's witnesses, Goward and McAlpine, and the plaintiff himself. They tend to do much more, viz., to show that a material fact was as defendant, and not as plaintiff, claims; that is, to show that McAlpine could not have notified the plaintiff that he would purchase the Pelican Lake tract upon the terms offered, and therefore that the plaintiff did not secure a purchaser who was ready and able and willing to buy the land upon such terms. The case was regarded by all members of the court at the time of the previous hearing as a very close one, especially with respect to whether the purchaser was willing to buy the timber upon the terms authorized by the owner, viz., to buy the timber without the fee and to pay interest at six per cent. on deferred payments. As to the pivotal points the testimony was oral. The inference from the circumstances was with the defendant. The weight of the oral testimony was with the plaintiff. The letter which the plaintiff says he wrote to the defendant about the middle of November, notifying him that McAlpine had decided to purchase the Pelican Lake tract for $120,000, was not produced; nor was a copy of it produced. Defendant swears that he did not receive it.

In a case so evenly balanced, any circumstance which is calculated to assist in determining the controversy, and which introduces some element of affirmative testimony, apart from mere oral testimony of contradictory witnesses, is especially desirable. The memorandum of the trial court reviews the situation with great care. It shows a thorough and discriminating consideration of the record. With due deference, however, to the opinion of that learned judge, we think that a new trial would subserve the interests of justice in this case.

Order reversed.