JOHN A. ANDERSON v. VICTOR OLSON.[1]

January 7, 1910.

Nos. 16,476—(232).

**Action for Commission — Evidence.**

Evidence considered, and *held* to justify finding that plaintiff procured a purchaser of defendant's real estate.

Action in the district court for Lac qui Parle county to recover $240 for services rendered in procuring a person to exchange land

[1] Reported in 124 N. W. 3.

with defendant. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*H. L. Hayden* and *H. L. Sorkness,* for appellant.

*John Moonan,* for respondent.

O'BRIEN, J.

This action, tried by the court without a jury, was for the commission which the plaintiff claimed to have earned in procuring a person with whom the defendant could deal in the disposal of certain real estate. Findings in favor of the plaintiff were made, and from an order denying a new trial the defendant appealed. The only question for our consideration is whether or not the findings are sustained by the evidence.

The plaintiff testified: That, at the close of a real estate transaction between the defendant and himself, "I asked him, after we had closed our deal, what commission he would give me if I should find a man he could deal with. He said he would give me one dollar an acre on either one piece if I found him a purchaser, or a man he could deal with." That the defendant stated his price for one tract of land was $25 per acre, and $60 per acre for another tract. That he subsequently sought out a man named Manstrom, and brought these pieces of real estate to his attention. That he made no contract with Manstrom, but wrote to the defendant. The contents of this letter did not appear in evidence. Manstrom testified that he received a letter from the defendant, that they subsequently met, and that a deal was made between them for the second or most expensive tract. It appeared that Manstrom stated, when the plaintiff first brought the lands to his attention, he considered $60 per acre too high a price, and the evidence does not show at what price the land was actually taken by him. At the close of the plaintiff's case the defendant rested, without introducing any testimony.

We think the findings are sustained by the evidence. It sufficiently appears that the plaintiff undertook to find a purchaser of the de-

109 M.—28

fendant's lands; that he sought out Manstrom, and through his direct efforts Manstrom and the defendant met for the purpose of making some disposition of the land in question; and that, as a result, a sale or disposition was actually made. This testimony at least made out the plaintiff's case prima facie, and in the absence of testimony from the defendant, who appears to have been present in court, the sale was presumptively for the price which the defendant expressed himself as willing to accept at the time he authorized plaintiff to procure a purchaser.

It is no more than fair, in a case of this sort, where it is conceded that the agent brought the purchaser and seller together, was the direct and active cause of their meeting, and where it appears the result of such meeting was the consummation of a sale, that the landowner should be required, if he wishes to avoid compensating the agent or broker, to point out wherein the sale actually made differed in its terms from that authorized or contemplated when he employed the agent to sell it. McDonald v. Smith, 99 Minn. 42, 108 N. W. 291.

Order affirmed.