ROBERT S. BENDELL, Respondent, v. LEW FISHER, Appellant.

Third Department, March 2, 1927.

Brokers — real estate broker — action to recover commissions from purchaser — owner was corporation — plaintiff failed to prove owner was ready, willing and able to sell — officer and large stockholder of owner represented that he would sell property — fact that sale was actually made after termination of plaintiff's negotiations does not authorize recovery herein — error to charge that plaintiff performed contract by producing person who represented that he was ready, willing and able to sell.

The plaintiff, a licensed real estate broker, cannot recover commissions for services alleged to have been rendered on behalf of a purchaser of real estate on the theory that he produced a seller. It appears that the property in question was owned by a corporation and that one of the officers and principal stockholders of the corporation stated that he would sell the property to the defendant for $50,000. The plaintiff, in order to recover, was required to show that the actual owner, the corporation, was ready, willing and able to sell at the price stated.

The mere fact that after said negotiations terminated without a sale, the corporation did sell the property to the defendant at an advance in price, does not authorize a recovery herein.

It was error for the court to charge that the plaintiff performed his contract by producing a person who represented that he was ready, willing and able to sell, since it appears that the person produced was neither the owner, nor was he authorized to agree to convey the property.

WHITMYER and DAVIS, JJ., dissent, with opinion.

APPEAL by the defendant, Lew Fisher, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 17th day of November, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of December, 1926, denying defendant's motion for a new trial made upon the minutes.

*Wyman S. Bascom* [*Spencer B. Eddy* of counsel], for the appellant.

*Reilly & Yaras* [*Coplin Yaras* of counsel], for the respondent.

HINMAN, J. The plaintiff, suing as a licensed real estate broker, seeks to recover $2,500 as his commissions upon a purchase and sale of real estate. The action is brought against the defendant as purchaser. The case was submitted to the jury upon an erroneous theory. McCarthy was not the owner of the property and he was not authorized to sell it. The court so charged and added that "the only question is whether he represented he was." He added: " If he [the plaintiff] took Fisher up there and they agreed on the price and McCarthy said ' yes,' then he is entitled to the commission whether the sale was consummated or not." That

sale was not in fact consummated and the court so charged. The property was owned by a corporation of which McCarthy was an officer and large stockholder and the corporation later did sell the property to a corporation formed by the defendant for $60,000, which was $10,000 more than the consideration alleged to have been agreed upon in the original negotiations with McCarthy. The court told the jury that a verdict for the plaintiff could not be predicated upon the fact that a sale was made later. He added: "As a matter of fact the consideration was $10,000 more, and that does not support the original transaction. I have already charged upon that." The theory submitted to the jury by the court was: "However, the contract that the plaintiff claims here was that he was to buy it for $50,000 and McCarthy agreed to sell, and that is the question I submitted." The attorney for the appellant took this exception and made this request to charge: " I desire to except to that portion of your Honor's charge in which you say in substance that if the jury find that McCarthy said he would sell for $50,000 and Fisher said he would give $50,000, that then this plaintiff is entitled to his commission, and I ask your Honor to charge that before a broker is entitled to commissions that he must have produced in this case a *seller* of this property who was ready, *able* and willing to *sell* at $50,000." The court replied: " That is true. However, if he represented that he owned it, that is all that was up to the broker. If I go out on the streets and highways and a man says: ' Here is my farm, you go out and sell it if you can, I will take $10,000 for it,' if he doesn't own 10 cents, if a man produces a customer that is able and willing to purchase, I am bound to pay the commission."

The learned court overlooked the fact that his illustration had no application to this case. The plaintiff did not contract to produce a customer who was able and willing to *purchase* but a customer who was *able* as well as willing to *sell*, under the general rule. "To entitle a broker to the compensation called for by his contract of employment, he must produce a person who is ready, able and willing both to accept and live up to the terms offered by his principal." (4 R. C. L. 307, § 49.) To recover commissions upon a proposed exchange of real estate, a broker must show that the customer produced by him was the owner of the property which he offered to exchange or able to convey it as well as that after the terms of the exchange had been agreed upon the client refused to carry them out. (*Woolley* v. *Lowenstein*, 83 Hun, 155; *Alt* v. *Doscher*, 102 App. Div. 344; *Mutchnick* v. *Davis*, 130 id. 417.) " In the absence of any stipulation to the contrary a marketable title to real property is always presumed to be bargained

for (*Scudder* v. *Watt*, 98 App. Div. 228; *Burwell* v. *Jackson*, 9 N. Y. 535); and when a broker produces a person who proposes to exchange property with his client that person must have good title to the property which is proposed to be given in exchange." (*Mutchnick* v. *Davis*, 130 App. Div. 417, 419.) The plaintiff did not show that the actual owner of the property (the corporation) was ever ready, willing or able to convey it at $50,000. In fact the court presented the question to the jury on the theory that McCarthy was not authorized to bind the corporation and that the later sale by the corporation for $60,000 should not be considered. It cannot be presumed that the corporation would have adopted McCarthy's negotiations to sell. The corporation did not sell eventually until $60,000 was made the purchase price instead of $50,000. No sale in fact resulted of which the plaintiff was the procuring cause, nor could it have resulted unless the corporation had ratified a $50,000 offer of sale orally made by McCarthy. The plaintiff had absolutely no connection with the agreement that was subsequently made with the corporation. It is unreasonable of course to assume that the defendant capriciously paid $10,000 additional as a mere subterfuge to avoid the payment of a $2,500 commission to the plaintiff. The conclusion is irresistible that the plaintiff accomplished nothing for the defendant and the law does not afford him the right to commissions, for the reason that he failed to do what it is alleged he engaged to do. He failed to produce a customer who was both able and willing to sell. The charge of the court that he satisfied his engagement by producing a customer who represented that he was able to sell although he was neither the owner nor authorized to agree to convey, was reversible error. Moreover, I cannot see how the plaintiff can hope to succeed upon any theory of the pleadings and the proof and it is my opinion that the motion for a nonsuit or for a directed verdict for the defendant should have been granted.

The judgment and order should be reversed, with costs, and the plaintiff's complaint dismissed, with costs.

VAN KIRK, Acting P. J., and McCANN, J., concur; WHITMYER, J., dissents, with an opinion in which DAVIS, J., concurs.

WHITMYER, J. (dissenting). Plaintiff, a licensed real estate broker, has brought this action against the defendant, as purchaser, to recover the sum of $2,500 as his commissions in a real estate transaction. The claim is for five per cent of $50,000, claimed to be the price agreed upon. The subject-matter was the " New Theatre," in Hoosick Falls, N. Y., owned by the Hoosick Falls Amusement Company, Inc., with a capital of $25,000, consisting

of 250 shares, of which Charles A. McCarthy, of that place, owned 122½ shares. He had conveyed the property to the company on October 11, 1915, and had been president and manager during all of the time. Plaintiff claims that defendant, unable to obtain the theatre himself, had employed him to procure it for a price not to exceed $50,000, upon a promise to pay as stated. Defendant denies. The jury determined these questions in favor of plaintiff on sufficient evidence. The negotiations to purchase took place on June 25, 1924, when the parties went to Hoosick Falls to confer with McCarthy. Plaintiff claims that defendant then offered $50,000 and that McCarthy agreed to accept, while defendant claims that McCarthy refused to sell then. No agreement was drawn fixing the time or manner of completion. The omission may be consistent with defendant's claim that the transaction was ended for the time or with plaintiff's claim that defendant wanted time, until about July fifth, to raise the money. The jury determined these questions in favor of plaintiff. Nothing was done at the time fixed by defendant. He did not advise plaintiff, as he had promised, and plaintiff did not communicate with him. That was the situation until February, 1925. Then, McCarthy talked with defendant about the matter. They had met three or four times since June 25, 1924, and defendant admits that they had talked at least once about it. In February, 1925, after negotiations, McCarthy agreed to sell and defendant agreed to buy for $60,000, to consist of $30,000 cash, and balance on bond and mortgage. Thereupon, defendant organized a corporation, named partly after himself, to take the property over and he became a stockholder and director, whereupon the amusement company conveyed, at the same time conveying a small piece of land connected with the property to McCarthy, who continued as manager until his death in January, 1926, just before the action was commenced. Upon hearing about the transaction, plaintiff wrote first to McCarthy to the effect that he ought to be paid and then to defendant asking for $2,500.

It is claimed that the evidence fails to show that the amusement company was ready, able and willing to sell at the first price.

The case was tried on another theory, the wrong one, it is true, yet no exception was taken. That theory presents and is the law of the case. Although defendant, in his requests, stated that he desired to except to the charge that plaintiff would be entitled to his commission, if the jury found that McCarthy said he would sell for $50,000 and Fisher said he would give it, and asked the court to charge that he would be entitled only if he produced a seller ready, able and willing to sell at $50,000, the force of the

exception was taken away by the answer of the court, " that is true," and no exception was taken to the explanatory remarks by the court. Moreover, all of the negotiations, the earlier as well as the later, were conducted through McCarthy and he procured the conveyance and at the same time one to himself of a small piece of land connected with the property. The facts show that he was able to procure a deed, when required. That is sufficient. And the fact, which we are obliged to assume under the evidence, that the sale was for a larger sum does not affect plaintiff's right. (*Mutchnick* v. *Friedman*, 135 App. Div. 356, 358.) It is apparent that defendant wanted the theatre and, either alone or with the help of McCarthy, who was not alive at the time of the trial, planned the method which was followed, to get the theatre without paying plaintiff. The jury saw and heard the parties and decided for plaintiff, notwithstanding the disinclination to find for a plaintiff in a case like this.

I think that the judgment should be affirmed.

DAVIS, J., concurs.

Judgment and order reversed on the law, with costs, and, complaint dismissed, with costs.