## C. A. SMITHBURG v. H. A. BEAUDOUX AND ANOTHER.[1]

April 1, 1927.

No. 25,827.

**Employment of plaintiff admitted.**

1. The employment by defendants of plaintiff as their agent to procure a purchaser for their home was admitted by the pleadings.

**Acceptance by defendants of purchaser procured by plaintiff.**

2. By ratifying in writing the contract made by plaintiff in their behalf for the sale of the property to the purchaser procured by plaintiff they accepted him as satisfactory.

**Decision for broker sustained.**

3. The evidence sustains a recovery of a commission for procuring an acceptable purchaser of defendants' property within the time fixed by them.

Brokers, 9 C. J. p. 561 n. 29; p. 644 n. 92; p. 655 n. 43.

---

See note in 44 L. R. A. (N. S.) 608; 26 A. L. R. 784; 3 R. C. L. 305; 1 R. C. L. Supp. 1112; 4 R. C. L. Supp. 262; 5 R. C. L. Supp 237.

Defendants appealed from a judgment of the municipal court of Minneapolis, Fosseen, J., in favor of plaintiff. Affirmed.

*Jesse Van Valkenburg*, for appellants.

*O. A. Brecke*, for respondent.

[1]Reported in 213 N. W. 58.

HOLT, J.

Defendants appeal from a judgment awarding plaintiff, a real estate agent or broker, a commission for procuring a purchaser for defendants' home in Minneapolis.

The trial was to the court, and the errors assigned here challenge several of the findings as being without evidence to support them. Only three need be noticed for, if sustained, the judgment is right.

It is claimed there is no proof of the employment. We need only point to the admission in defendants' answer of their execution of the contract of sale stating that it was made by plaintiff, the authorized agent of defendants, and to which was appended this:

"I, the undersigned, owners of the above land, do hereby ratify the above agreement and sale thereby made. Pending the closing of said sale, the earnest money shall be held by the above named agent.

"Dated June 20th, 1925.

"H. A. Beaudoux    (Seal)
"Ella E. Beaudoux."

There was also appended thereto an agreement signed by C. E. Hill, the purchaser procured by plaintiff, to buy according to the terms of the contract, dated June 30, 1925. No proof of employment was necessary.

The same may be said in respect to the finding that C. E. Hill, the purchaser, was ready, willing and able to purchase, for he was produced by plaintiff, and defendants by ratifying the contract accepted him as a satisfactory purchaser.

The real defense centers around the proposition whether or not, within the time set, Mr. Hill signed the contract and paid over the earnest money of $1,000 to plaintiff, defendants' agent. Plaintiff did not have the exclusive agency, hence, before he had procured a purchaser satisfactory to defendants, they were at liberty to sell to anyone procured by them or by other agents of theirs. Plaintiff, about the middle of June, 1925, produced Hill who, with his wife, inspected the property. They were favorably impressed, but there was a difference between Hill and defendants as to the price, and

the former desired the latter to accept certain shares of corporate stock as part payment. At the time Hill lived at Minnetonka. On the late afternoon of June 19, plaintiff told defendant Dr. Beaudoux that if he would go with him to see Mr. Hill he was confident the sale could be made. Dr. Beaudoux consented and plaintiff took him to Minnetonka, where the parties quickly agreed, each making some concessions, and "shook hands" over the bargain. But it so happened that Mr. Hill had arranged to take the 8 o'clock train that evening for a business trip east and would not return for about ten days, and the parties did not have a contract prepared or facilities at hand to prepare one. Plaintiff's evidence was that he should hurry back to Minneapolis, have the contract drawn and, if possible, meet Mr. Hill at the station to obtain his signature and check for the earnest money, and if this could not be done that the matter should await Mr. Hill's return. The train was pulling out as plaintiff reached the depot. Efforts were made by telegraph to have Hill make the payment of the earnest money before he returned, but he wanted to see whether the contract complied with the agreement made before he paid or directed payment. The day he returned, the contract (already ratified as stated by defendants) was signed by him and the earnest money paid to plaintiff.

The findings, to the effect that after the verbal bargain between the vendors and vendee on June 19 plaintiff was not at fault in not obtaining the signature of the vendee or the earnest money until his return on June 30, and that it was the understanding and agreement that said contract should be signed by Clarence Hill and said earnest money paid by him when he returned to the city in about ten days, are sustained by the testimony adduced in behalf of plaintiff. We think these findings clearly entitle plaintiff to recover under the rule stated in McDonald v. Smith, 99 Minn. 42, 108 N. W. 291. When defendants signed the contract on June 20, they knew that Mr. Hill had started on his trip without having had the opportunity to execute the contract or pay the money. If they agreed that he should have about ten days to complete the transaction, they could not defeat plaintiff's right to compensation by selling to another before the expiration of the time fixed. Defendants' testi-

mony contradicts plaintiff's as to the agreement, but the court had the right to accept the latter's and that determines the lawsuit.

Judgment affirmed.