S. & R. GREENE, INC., Respondent, *v.* HATTIE REALTY CORPORATION, Appellant.*

First Department, May 29, 1930.

*Bernard Breitbart* of counsel [*Breitbart & Breitbart*, attorneys], for the appellant.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the respondent.

MARTIN, J.   The plaintiff, a licensed real estate broker, brought this action to recover the sum of $3,000 for commissions, alleging that upon request it produced a purchaser of the defendant's property No. 543 West One Hundred and Forty-sixth street, borough of Manhattan, city of New York.

The defendant employed the plaintiff to sell its property under an oral agreement which was modified by a written agreement made between the parties on October 4, 1926.   The agreement provides as follows: "That the party of the second part shall produce one who is ready, able and willing to enter into a written, binding and enforceable contract to and with the party of the first part, for the sale and purchase of No. 543 West 146th Street, New York City, within one day from date, and that title shall actually close and

---

* Affd., 255 N. Y. ——.

pass and purchase money paid under a contract which shall be entered into, and that then and in that event only, the party of the second part shall receive $3,000.00 for services to be rendered and commissions, after title shall actually close and pass."

The purchase price fixed by defendant was $240,000, payable as follows: $14,000 in cash; subject to a first mortgage of $125,000; subject to a second mortgage of $38,000; and the balance of $63,000 by a purchase-money bond and mortgage to be executed by the buyer, payable $3,000 annually, in quarter-annual installments, the first installment to be payable one or two years after the closing of title.

This action is brought on the theory that Charles M. Siegel was the purchaser produced who was able, ready and willing to purchase. It is important to note that in the verified bill of particulars the plaintiff alleges: " The purchaser produced by plaintiff was Charles M. Siegel of 1540 Broadway, New York City, and he was produced on or about October 5th, 1926, and a formal written contract in the customary form for the purchase and sale of the premises to said purchaser was duly entered into on or about January 1st, 1927, but title was never closed, although the aforesaid purchaser was ready, able and willing to close title pursuant to the aforesaid contract of purchase and sale, due solely to the arbitrary, wilful and unjustifiable refusal of the defendant to convey the premises pursuant to the provisions of the aforesaid contract."

The plaintiff's officer, Sidney S. Greene, testified that he told defendant's officer, Mr. Shapiro, that he had a man who would purchase the property, and the man was Charles Murray Siegel; that Siegel and Shapiro met at the attorney's office and a formal contract was drawn; that everything in the contract was agreed upon between the seller and the purchaser. The alleged contract was then offered in evidence.

The contract described the defendant as the seller and C. Morey Siegel as the purchaser. Sixty-three thousand dollars of the purchase price was to be paid " by the purchaser executing and delivering a purchase money bond and mortgage covering said premises." However, there is a clause in the proposed contract that the " purchaser does not assume personal obligation of payment of the second mortgage."

The plaintiff's bill of particulars alleges that the written contract was signed. Plaintiff's officer testified he was " under the impression that Mr. Siegel did sign the contract;" that he felt " quite sure he did sign it." However, there is no question that he did not sign it. The purchaser desired to take the property in the name

of a corporation, but the defendant refused to accept the corporation offered as the purchaser and so informed the buyer. That appears to be an additional reason why the transaction was not consummated.

The court at Trial Term held that " it sufficiently appears that plaintiff produced a purchaser ready, able and willing to purchase on the terms proposed, and that the only reason a contract of sale was not made and performed was defendant's arbitrary refusal to accept a corporation as the purchaser." There is no evidence in the record before this court to warrant any such conclusion.

The appellant contends that the plaintiff failed to prove that Siegel, the purchaser produced by it, was ready, able and willing to purchase defendant's property; that on the contrary the plaintiff's proof conclusively established that Siegel was unwilling to and refused to complete the purchase. There is a fatal variance between the cause of action pleaded and the theory upon which plaintiff recovered. In the bill of particulars plaintiff set forth that Siegel was the purchaser and that a formal written contract for the purchase and sale of the premises had been duly entered into, whereas the proof showed that a corporation and not Siegel was to be the purchaser and that no written contract was signed. The plaintiff failed to prove that a corporation in which Siegel was interested was ready, able and willing to purchase the property, and the determination of the trial court to that effect is contrary to the evidence.

Siegel not only refused to take title, but insisted that title be taken in the name of a corporation and under conditions which no reasonable person could expect would be accepted. The defendant having refused to sell on any such terms, the sale was not consummated.

At the trial Siegel first stated that he was not only ready, able and willing to buy, but at the time of the closing of contract he offered a check for $5,000 to bind the bargain. It developed that no such check was ever made. He then stated he signed a check in blank and handed it to his attorney to fill out, but no such check was produced. He then testified that he expected to take the title in the name of a very good corporation, the stock in which he owned, known as the Chesmore Construction Company, but it developed that he insisted on taking title in the name of The 23 Goerick Street Corporation. He said that the proposed contract was drawn in the name of that corporation. The contract was actually drawn in the name of C. Morey Siegel, residing at the Hotel Astor.

On cross-examination the witness Siegel testified that he did not intend to buy the property in his own name; that he would not

sign the contract in his own name; that he was unwilling to sign the purchase-money mortgage; and that he did not sign the contract.

There was not only a complete failure of proof of plaintiff's claim, but absolute proof by plaintiff's witnesses showing that the plaintiff had no cause of action.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.