FRANK SLATER, Doing Business under the Firm Name and Style of SLATER COMPANY, Respondent, *v.* CITIZENS' SAVINGS BANK, Appellant.

First Department, May 4, 1934.

*C. DeWitt Rogers,* for the appellant.

*Abraham Mopper* of counsel [*Herbert J. Roeder* with him on the brief; *Roeder, Roeder & Mopper,* attorneys], for the respondent.

O'MALLEY, J. Plaintiff, a real estate broker, has recovered a judgment on the theory that he procured a customer ready, able and willing to purchase defendant's property on terms mutually agreed upon. The principal question presented is whether plaintiff proved that he had procured a customer able to take upon the agreed terms. His evidence was to the effect that he had procured an

attorney, one Nemser, and the jury were entitled to find that Nemser had agreed to defendant's terms and had rightfully refused to sign a written contract upon the ground that it varied from the terms originally submitted.

We agree with defendant's contention, however, that there was a failure to prove that the proposed purchaser was able to proceed. Nemser, the individual procured by the plaintiff, never agreed to sign the contract personally and be bound thereby. He informed defendant that he was acting as a mere agent and that while he might sign the contract, he desired this act to be without recourse to him, so that he could assign the contract to a corporation already formed, or to be formed. The name of this corporation was never disclosed nor decided upon. Nemser's arrangement, so far as he personally was concerned, was no more than an option.

We are of opinion that under such circumstances it was incumbent upon the plaintiff to furnish proof that a corporation, the principal of Nemser, would have been ready, able and willing to sign the contract of purchase upon the terms agreed upon between defendant and Nemser. (*Gerding* v. *Haskin*, 141 N. Y. 514; *Greene, Inc.,* v. *Hattie Realty Corporation,* 230 App. Div. 12; affd., 255 N. Y. 578.)

We are further of opinion that it was error to exclude defendant's Exhibit B for identification. This was executed at a date subsequent to the time plaintiff maintains Nemser's offer had already been accepted. Containing, as it did, language over the signature of plaintiff, susceptible of a contrary interpretation, it was competent evidence tending to contradict plaintiff's claim.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.